IN THE UNITED STATES COURT OF FEDERAL CLAIMS

No. 06-850 T
(Judge Mary Ellen Coster Williams)

GORDON R. COOKE and JENNIFER L. COOKE,

Plaintiffs,

v.

THE UNITED STATES,

Defendant.

ANSWER

Defendant, the United States, through its attorneys, and after the inquiry required by 28 U.S.C. § 520, hereby answers the complaint in the above-captioned case. Defendant respectfully denies each and every allegation contained therein not specifically admitted below.

In response to particular paragraphs of the complaint, defendant further:

1. Admits that Gordon R. Cooke and Jennifer L. Cooke are plaintiffs herein, and states that it currently lacks knowledge or information to for a belief as to the truth of the remaining allegations contained in ¶ 1.

2. Admits the allegation contained in ¶ 2.

3. States that the allegations in ¶ 3 represent plaintiffs' characterization of the legal basis of this suit, to which no response is necessary.

4. States that jurisdiction, if it exists, is conferred by 28 U.S.C. § 1491(a).

5. States that the allegation that the Cookes filed a "timely" joint income tax return for

calendar year 1988 constitutes a legal conclusion, to which no response is necessary. Avers that Gordon R. Cooke and Jennifer L. Cooke filed a joint federal income tax return for calendar year 1998 on April 15, 1989. Admits the remaining allegations contained in ¶ 5.

6. Admits that Dillon Oil Technology Partners was one of the partnerships in the "Elektra" project. States that it currently lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in ¶ 6.

7. Avers that on September 14, 2004, the IRS received from the Cookes a claim in the amount of $16,856 for refund of tax for 1988 and a request for § 6621(d) interest netting in an amount to be determined.

8. States that it currently lacks knowledge or information sufficient to form a belief as to the truth of the allegation contained in the first sentence of ¶ 8 that the Cookes realized a loss on the worthlessness and termination of Dillon. States further that the allegation contained in the first sentence of ¶ 8 represents plaintiffs' characterization of the legal basis of this suit, and, alternatively, that it constitutes a conclusion of law, to which no response is necessary. States that it currently lacks knowledge or information sufficient to form a belief as to the truth of the allegation contained in the second sentence of ¶ 8. Denies the allegation contained in the third sentence of ¶ 8 that a refund is due to the Cookes.

8.A. Admits the allegation contained in the first sentence of ¶ 8.A. States that the allegation contained in the second sentence of ¶ 8.A constitutes a legal conclusion, to which no response is necessary.

8.B. Avers that the Tax Court cases at docket numbers 21530-87 and 16768-88 resulted in a disallowance of certain deductions claimed by Dillon in 1983 and 1984, respectively. States

that it currently lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in ¶ 8.B.

8.C. States that the allegations contained in ¶ 8.C constitute plaintiffs' characterization of the legal basis of this suit, and, alternatively, that they constitute legal conclusions, to which no response is necessary. States further that it currently lacks knowledge or information sufficient to form a belief as to the truth of the allegation contained in the first sentence of ¶ 8.C that the Cookes had a substantial basis and realized a loss upon the worthlessness, abandonment, dissolution, or termination of their partnership interest; and that it currently lacks knowledge or information sufficient to form a belief as to the truth of the allegation contained in the third sentence of ¶8.C that no losses or deductions were allowed in any year.

8.D. States that it currently lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in ¶ 8.D. States further that the allegations contained in ¶ 8.D constitute plaintiffs' characterization of the legal basis of this suit, and, alternatively, that they constitute legal conclusions, to which no response is necessary.

8.E. States that it currently lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in ¶ 8.E. States further that the allegations contained in the third sentence of ¶ 8.E constitute plaintiffs' characterization of the legal basis of this suit, to which no response is necessary.

8.F. States that it currently lacks knowledge or information sufficient to form a belief as to the truth of the allegation contained in the second sentence of ¶ 8.F that "The Plaintiffs received no distribution of cash or marketable securities or relief of any partnership debt." States that the remaining allegations contained in ¶ 8.F constitute plaintiffs' characterization of the legal basis for this suit, and, alternatively, legal conclusions, to which no response is necessary.

8.G. States that the allegations contained in ¶ 8.G constitute legal conclusions, to which no response is necessary.

8.H. States that the allegations contained in ¶ 8.H constitute legal conclusions, to which no response is necessary.

8.I. States that the allegation that plaintiffs' claim was "timely pursuant to § 6230(c)(2)(B)" constitutes a legal conclusion, to which no response is necessary. Avers that plaintiffs' claim was received by the IRS on September 14, 2004. States that it currently lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in ¶ 8.I.

8.J. States that the allegations contained in the first sentence of ¶ 8.J constitute plaintiffs' characterization of the legal basis for this suit, and, alternatively, legal conclusions, to which no response is necessary. States that it currently lacks knowledge or information sufficient to form a belief as to the truth of the allegation contained in the second sentence of ¶ 8.J.

9. States that the allegation that this suit was "timely filed" constitutes a legal conclusion, to which no response is necessary. States that it currently lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in ¶ 9.

10. States that it currently lacks knowledge or information sufficient to form a belief as to the truth of the allegation contained in ¶ 10.

JURISDICTIONAL DEFENSE

11. This Court lacks subject matter jurisdiction, insofar as the complaint seeks a tax refund, if plaintiffs failed to file the complaint within the period prescribed by § 6532(a) of the Internal Revenue Code.

## AFFIRMATIVE DEFENSE

12. Plaintiffs may be barred by the doctrine of *res judicata* or *collateral estoppel* from seeking a tax refund, because plaintiffs are bound by one or more decisions of the United States Tax Court relating to partnerships in the Elektra partnership group, including Dillon Oil Technology Partners. *See, e.g.*, *Vulcan Oil Technology Partners et al. v. Comm'r of Internal Revenue*, No. 21530-87 (T.C. June 13, 2002); *Vulcan Oil Technology Partners et al. v. Comm'r of Internal Revenue*, No. 16768-88 (T.C. June 13, 2002).

Respectfully submitted,

s/Karen Servidea
KAREN SERVIDEA
*Attorney of Record*
*U.S. Department of Justice*
*Tax Division*
*Court of Federal Claims Section*
*Post Office Box 26*
*Ben Franklin Post Office*
*Washington, D.C. 20044*
(202) 307-6496
(202) 514-9440 (fax)

RICHARD T. MORRISON
*Acting Assistant Attorney General*
DAVID GUSTAFSON
*Chief, Court of Federal Claims Section*
STEVEN I. FRAHM
*Assistant Chief, Court of Federal Claims Section*

s/Steven I. Frahm
Of Counsel

January 10, 2008