IN THE UNITED STATES COURT OF FEDERAL CLAIMS

No. 06-850 T

(Judge Mary Ellen Coster Williams)

GORDON R. COOKE and JENNIFER L. COOKE,

Plaintiffs,

v.

THE UNITED STATES,

Defendant.

FIRST AMENDED JOINT PRELIMINARY STATUS REPORT

Pursuant to RCFC App. A, Part III, ¶¶ 4 and 5, the parties hereby provide the First Amended Joint Preliminary Status Report:

¶ 4

**(a) <u>Jurisdiction</u>**:

**Plaintiffs**: Plaintiffs assert the Court has jurisdiction pursuant to 28 U.S.C. §§1346(a)(1) and 1491(a).

**Defendant**: In defendant's view, there are several questions regarding the Court's jurisdiction over plaintiffs' complaint, including: (1) whether plaintiffs filed their claim for refund in a timely manner; (2) whether plaintiffs' refund claim, if filed timely, was disallowed, and, if so, plaintiffs brought this suit after the expiration of two years from the date notice of claim disallowance was mailed; and (3) whether plaintiffs' claim, to be granted, would require the Court to change a partnership-level determination of a partnership item, in violation of

26 U.S.C. § 7422(h), 26 U.S.C. § 6230(c)(4), or 26 U.S.C. § 6221. Discovery is required to resolve these potential jurisdictional issues.

**(b)** **Consolidation**: The parties do not believe this case should be consolidated with any other cases.

**(c)** **Bifurcation of liability and damages**: The parties agree that separate proceedings on the question of liability and damages (*i.e.*, the amount of any underpayment or overpayment of tax and interest) should be unnecessary in this case. The parties, however, ask the Court to determine liability first, and, if liability is found, permit them a reasonable period of time within which to attempt to agree on the amount of a money judgment. The parties believe that the calculation of damages will involve objective mathematical computations from the factual record before the Court on which they likely will reach agreement. If the parties are unable to reach such an agreement, they ask that the Court address the procedures to be followed at that time.

**(d)** **Deferral of proceedings**: Further proceedings in this case should not be deferred.

**(e)** **Remand or suspension**: Not applicable, as this case is a tax refund action.

**(f)** **Additional parties**: No additional parties will be joined.

**(g)** **Dispositive motions**:

**Plaintiffs**: Plaintiffs believe this case can be decided on motion for summary judgment.

**Defendant**: Defendant may file a motion to dismiss for lack of subject matter jurisdiction, depending on what discovery reveals with respect to jurisdictional questions, including those raised above in defendant's statement in ¶ 4(a). Similarly, discovery may reveal that it would be appropriate for defendant to file a summary judgment motion on plaintiffs' claim.

The parties' proposed schedule for the filing of dispositive motions is set forth in paragraph 5, below.

**(h) <u>Factual and legal issues</u>**:

**Plaintiffs:** Plaintiffs' claim(s) for refund of federal income tax and interest is due to the loss they realized on the worthlessness and termination of their respective partnership interests. More specifically, Plaintiffs are due a refund because the partnership was the subject of partnership-level Tax Court litigation. The IRS sent the Plaintiffs a Form CG-4549A reflecting the partnership related adjustments.

As a direct consequence of the adjustments to the partnership items of the partnership, there was a substantial basis adjustment in the partnership interest and a resulting loss upon the worthlessness and termination of the partner's partnership interest. The increase in the basis in the partnership interest resulting in this refund claim was an adjustment to an affected item resulting from the adjustments to partnership items.

In similar cases involving the AMCOR partnerships, the partners were advised that the IRS agreed to allow a capital loss equal to the adjustment to the taxpayers' basis resulting from the adjustments to the partnership losses. A notice was sent from the IRS to the AMCOR partners that they could file claims similar to the claims at bar based on any sale of their partnership interests. Therefore, since the Plaintiffs here did not sell their partnership interest, their claim is based on the same increase in basis the IRS recognized as a loss upon worthlessness, abandonment, dissolution, or termination of the partnership interest in the AMCOR cases.

Plaintiffs are claiming an ordinary loss under Rev. Rul. 93-80. They received no distribution of cash or marketable securities or relief of any partnership debt; therefore, there was no deemed sale or exchange on the worthlessness and termination of the partnership interest and Rev. Rul. 93-80 should apply.

Plaintiffs assert, alternatively, that if the loss is not allowed as an ordinary loss, it should be allowed as a capital loss. And, if the loss is not allowed in 1988, it should be allowed and considered as a protective claim for each such other year in which it may be determined that the loss was properly deductible, including tax years 1988 through 1999, inclusive.

The Plaintiffs' claim was timely pursuant to §6230(c)(2)(B) because it is made within two years after the date of the relevant court decision and consistent with the instructions of the IRS Regional Counsel Memorandum in the AMCOR cases regarding the nature and timeliness and nature of this type of claim.

Additionally, the net interest rate of zero pursuant to 28 U.S.C. §6621(d) should apply to the extent of equivalent amounts of underpayments or overpayments for the relevant periods after April 15, 1988, to the date to which interest was paid on the partnership related deficiencies, the excess interest paid during that period should be refunded if the overpayment is not applied to the partnership related deficiencies, or, in the alternative, interest on this refund should be paid at the deficiency rate imposed on those deficiencies. Section 5.063 of Rev. Proc. 99-43 has not previously been applied to obtain a net interest rate of zero under §6621(d).

**Defendant:** The ultimate issue in a tax refund suit is whether the taxpayers can establish that they overpaid their taxes for the year/s in suit. Other than that general statement, defendant's comments here are preliminary and subject to change based on discovery. Factual

and legal issues include the jurisdictional questions described above in defendant's statement in ¶ 4(a) and: (1) whether the basis plaintiffs allege in their partnership interest can be established; (2) whether plaintiffs abandoned their partnership interest, and, if so, whether they were relieved of any liability upon abandonment; (3) whether plaintiffs' partnership interest became worthless, and, if so, whether they were relieved of any liability with respect to the interest; (4) whether plaintiffs received a distribution from the partnership upon the alleged termination of the partnership; (5) whether plaintiffs sustained any loss with respect to their partnership interest, and, if so, whether such loss was incurred in a trade or business or in a transaction entered into for profit and possessing economic substance; (6) the extent to which any refund plaintiffs are otherwise entitled to is limited by the limitation on capital losses provided by 26 U.S.C. § 1211(b); and (7) whether the requirements for having a net interest rate of zero applied have been satisfied.

**(i) Settlement**:

Settlement is unlikely prior to the conduct of discovery on the jurisdictional, factual, and legal issues outlined above. The parties do not contemplate alternative dispute resolution.

**(j) Trial**:

In light of the factual issues related to plaintiffs' claim, defendant believes there is a possibility of trial. The parties do not request an expedited trial schedule.

**(k) Electronic case management:**

There are no special issues regarding electronic case management needs.

**(l) Other information:** None.

¶ 5

**<u>Discovery Plan</u>:**

The parties recommend discovery be simultaneous and on all issues, and propose the following schedule:

– Initial Disclosures, March 13, 2008

– Close of Fact Discovery, September 30, 2008

– Summary Judgment Motions and/or Motions to Dismiss, on or before October 31, 2008 (with response/s and reply/ies due pursuant to RCFC 7.2(c)).

Plaintiffs' attorney has consented to defendant's attorney filing this First Amended Joint Preliminary Status Report on her behalf.

Respectfully submitted,

3/4/2008 s/Karen Servidea
Date KAREN SERVIDEA
Attorney of Record
U.S. Department of Justice
Tax Division
Court of Federal Claims Section
Post Office Box 26
Ben Franklin Post Office
Washington, D.C. 20044
(202) 616-3423
(202) 514-9440 (fax)

NATHAN J. HOCHMAN
Assistant Attorney General
DAVID GUSTAFSON
Chief, Court of Federal Claims Section
STEVEN I. FRAHM
Assistant Chief, Court of Federal Claims Section

3/4/2008 s/Steven I. Frahm
Date Of Counsel

Attorneys for Defendant



3101943.1